## Augustus P. Tucker and another v. Hiram A. Tucker and another.

*Mortgages: Use of a horse and buggy.* The allowance made by the court below for the value of the use of a horse and buggy under a stipulation secured by mortgage made by a son to his parents, to furnish the same as required, will not be disturbed except upon clear and satisfactory showing that it is unreasonable.

The arrangement must be presumed to have been made in view of the existing relations of the parties, and subject to such conditions as might naturally arise in their daily business and exigencies, and could not be properly so construed as to require obedience to the caprices or unreasonable demands of the mortgagee.

*Heard April 24 and 25.    Decided April 29.*

Appeal in Chancery from Branch Circuit.

This was a bill to foreclose a mortgage given by Hiram A. Tucker to his parents (the complainants) to furnish them a house and maintenance, and the use of a horse and buggy, and to perform some other conditions.  The case was before this court at the April term, 1872 (see *24 Mich., 426*), and was then remanded to the court below to proceed to an inquiry to ascertain and determine the amount of compensation which should be allowed to the complainant, Augustus P. Tucker, for the failure to furnish him the use of a horse and buggy, and upon such ascertainment and determination to make the usual decree of foreclosure and

sale to satisfy the amount found due, with costs of both courts. The cause was accordingly referred by the court below to a commissioner, who reported finding due the complainant the sum of two hundred and seventy-three dollars, being at the rate of one dollar and fifty cents a week. This report was confirmed, and decree entered in accordance with it. From this decree the complainant, Augustus P. Tucker, appealed.

*Ward & Palmer*, for complainants.

*N. P. Loveridge*, for defendants.

PER CURIAM. We think the allowance made by the court below was reasonable.

The stipulation for the use of a horse and buggy is, in its terms and in its application, extremely indefinite, and it is quite impossible to settle the amount to be paid under it without resorting somewhat to probabilities. The meaning of the parties can only be approximately ascertained by considering the general nature of the arrangement, the position and relation of the parties, their condition in life, and what must have been contemplated by all concerned.

The arrangement was a family one, and made between a son and his parents. The parties were farmers, residing in the country, and in fair circumstances, and it is reasonable to conclude that all anticipated such attentions and accommodations as were usual in such cases.

It could not have been imagined that a horse and buggy, and a servant to harness and unharness, would be hourly or even daily required throughout the year. Neither could it have been imagined that an expense would be necessitated every year exceeding the value of a first-class establishment.

The position of appellant, however, leads to this latter result. Upon the whole, we think the amount found by the court below is perhaps as near the equity and justice

of the case as possible, considering the vague nature of the arrangement and the impossibility of obtaining data for precise results.

In view of the probability that inquisitions may be hereafter required, and as these must be attended with expense, we think it well to suggest that should it appear that defendant, before the inquiry, has reasonably tendered to complainant an amount equal or exceeding the sum found due, that circumstance would justify the court in requiring the costs of the particular inquiry to be charged against complainant and deducted from the amount found.

The order below must be affirmed, with costs.